NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____  :
                            :
MICROSOFT CORP.,            :
                            :
          Plaintiff,        :      Civil. No. 06-4331 (RBK)
                            :
     v.                     :
                            :      OPINION
                            :
JULIO FRANCO GONZALES       :
d/b/a JFG TEK COMPUTERS,    :
                            :
          Defendant.        :
_____  :
```

**KUGLER,** United States District Judge:

This matter comes before the Court upon motion by
Plaintiff Microsoft Corporation ("Microsoft") for an entry
of default judgment against Defendant Julio Franco Gonzales
("Gonzales") pursuant to Federal Rule of Civil Procedure
Rule 55(b)(2) for failure to appear, answer, or otherwise
defend in this matter.  Microsoft seeks injunctive relief
pursuant to 15 U.S.C. § 1116(a) and statutory damages
pursuant to 15 U.S.C. § 1117(b) for trademark infringement
and 17 U.S.C § 5049(c) for copyright infringement against
Gonzales.  For the reasons set forth below, the Court will
grant Microsoft's motion.

## I. Background

Microsoft is a corporate entity duly organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, Washington.  (Compl. ¶ 8.)  Microsoft is engaged in the business of developing, marketing, distributing, and licensing computer software. (Compl. ¶ 8.)  Microsoft has developed several computer software programs including Microsoft Windows XP Professional and Microsoft Office Pro 2003.  (Compl. ¶ 9.) Microsoft Office Pro 2003 is a suite of Microsoft programs including Microsoft Office Excel 2003, Microsoft Office Outlook 2003, Microsoft Office PowerPoint 2003, Microsoft Office Word 2003, Microsoft Publisher 2003, and Microsoft Business Contact Manager for Outlook 2003.  (Compl. ¶ 10.)

Microsoft has registered its trademarks and a service mark in the United States Patent and Trademark Office. (Compl. ¶ 11.)  At present, Microsoft's U.S. trademark registrations include: "MICROSOFT" (Reg. No. 1,200,236) for computer programs and computer programming services; "MICROSOFT" (Reg. No. 1,256,083) for computer hardware and software manuals, newsletters, and computer documentation; WINDOWS (Reg. No. 1,872,264) for computer programs and manuals sold as a unit; COLORED FLAG DESIGN (Reg. No. 2,744,843) for computer software; "POWERPOINT" (Reg. No.

2

1,475,795) for prerecorded computer programs recorded on magnetic disks; "MICROSOFT ACCESS" (Reg. No. 1,741,086) for computer programs for use with databases and manuals sold as a unit; and "OUTLOOK" (Reg. No. 2,188,125) for computer programs, specifically programs providing enhanced electronic mail and scheduling capabilities and instructional manuals sold as a unit. (Compl. ¶ 11.) Microsoft's trademarks were never assigned or licensed to Gonzales. (Compl. ¶ 18.)

According to Microsoft, Gonzales is an individual who owns, operates, or otherwise controls JFG Tek Computers, which conducts business in Glendora, New Jersey. (Compl. ¶¶ 3-4.) Microsoft states that Gonzales did personally engage in the advertising, marketing, installation, and distribution of computer software, including programs covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks without authorization from Microsoft. (Compl. ¶ 12.) Microsoft further asserts that Gonzales was notified by Microsoft to cease and desist from all infringing activity by means of a letter dated August 30, 2005. (Compl. ¶ 13.) Microsoft claims that Gonzales disregarded this letter and in or about May 2006, Gonzales distributed to an investigator computer systems with infringing Windows XP Pro and Office 2003 Pro software.

3

(Compl. ¶ 14.)

Microsoft alleges that Gonzales' wrongful conduct includes advertising, marketing, installing, and/or distribution of "infringing materials" which include reproductions, copies, or colorable imitations of the Microsoft copyrighted software and/or the Microsoft trademarks, logos, and service marks.  (Compl. ¶ 16.) Microsoft states that Gonzales has made use of the Microsoft marks to describe the items that he is distributing and therefore have infringed Microsoft's copyrights, titles, and slogans.  (Compl. ¶ 18.)  Microsoft contends that Gonzales was, at a minimum, willfully blind and acted in reckless disregard of Microsoft's registered copyrights and marks. (Compl. ¶ 17.)

Microsoft asserts that if the Court does not preliminarily and permanently enjoin Gonzales' activities, the injury to Microsoft will continue.  (Compl. ¶ 26.) Microsoft further claims that Gonzales' wrongful misappropriation of Microsoft's advertising ideas and style of doing business as well as the infringement of Microsoft's copyrights, titles, and slogans has caused the alleged injuries and damages.  (Compl. ¶ 19.)

On September 15, 2006, Microsoft initiated this action against Gonzales by filing a Complaint accusing Gonzales of

4

liability for copyright infringement, federal trademark
infringement, false designation of origin, false description
and representation of Microsoft packaging, unfair
competition, and New Jersey common law unfair competition.
Microsoft served Gonzales with a summons and the Complaint
on September 18, 2006.  Gonzales contacted Microsoft's
attorney on September 26, 2006 to discuss the possibility of
a negotiated settlement.  (Pl.'s Br. Nelson Decl. ¶¶ 4-5.)
Microsoft's attorney sent Gonzales a letter requesting
information that was needed to evaluate the case.  (Pl.'s
Br. Nelson Decl. ¶ 5.)  Furthermore, the letter advised
Gonzales that a response to Microsoft's complaint was due to
be filed on or before October 16, 2006.  (Pl.'s Br. Nelson
Decl. ¶ 5.)

On October 17, 2006, Microsoft's attorney received a
letter from Mr. Thomas G. Maschiocchi, Esq. ("Maschiocchi")
who was contacting Microsoft on behalf of Gonzales but
stated that he had "not entered any formal appearance on Mr.
Gonzales's behalf" but was sent "merely to propose a
resolution."  (Pl.'s Br. Nelson Decl. ¶ 7.)  Microsoft
contacted Maschiocchi on October 23, 2006 to request the
information previously requested in the September 26, 2006
letter and further advised Maschiocchi that Gonzales'
response to Microsoft's complaint was past due and that

Microsoft would request the entry of default if Gonzales elected not to defend against the claims. (Pl.'s Br. Nelson Decl. ¶ 8.) Microsoft then attempted to contact Maschiocchi again by means of a letter dated November 3, 2006 that informed that Microsoft would consider itself free to request the entry of default if Gonzales failed to respond by November 10, 2006. (Pl.'s Br. Nelson Decl. ¶ 9.) A copy of the November 3, 2006 letter was also sent to Gonzales since Maschiocchi had not entered a formal appearance. (Pl.'s Br. Nelson Decl. ¶ 9.)

On November 20, 2006, Microsoft requested the entry of default against Gonzales for failing to plead or otherwise defend against Microsoft's claims. (Pl.'s Br. Nelson Decl. ¶ 10.) Maschiocchi contacted Microsoft via e-mail and forwarded documents for purposes of settlement November 21, 2006. (Pl.'s Br. Nelson Decl. ¶ 11.) Upon review of these documents, Microsoft determined that it was unable to make a settlement demand. (Pl.'s Br. Nelson Decl. ¶ 11.) On November 22, 2006, upon Microsoft's request, the Clerk the entered default against Gonzales for failing to plead or otherwise defend. (Pl.'s Br. Nelson Decl. ¶ 12.) Microsoft presently requests that the Court grant default judgment against Gonzales pursuant to Rule 55.

## II. Default Judgment Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear. . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is not without limits, however, and we repeatedly state out preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, 2006 WL 680533, at 1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, et als., 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)). Consequently, before

granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 U.S. Dist. LEXIS 14027, 2006 WL 680533, at 1 (citing Wright, et als., § 2688, at 63); DirecTV, Inc. v. DeCroce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004)).

## III. Discussion

This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over claims that relate to trademark and copyright infringement.  Furthermore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 since this action involves diversity of citizenship and an amount in dispute that exceeds $ 75,000.00.

### A.   Copyright Infringement, Trademark Infringement, and False Designation Of Origin

To establish a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying[1] of

---

[1] "[C]opying is demonstrated when someone who has access to a copyrighted work uses material substantially similar to the copyrighted work in a manner which interferes with a right protected by 17 U.S.C. § 106." Ford Motor Co v. Summit Motor Prods., 930 F.2d 277, 291 (3d Cir. 1991).

original elements of the plaintiffs work.  <u>Dun & Bradstreet</u>
<u>Software Svcs., Inc. v. Grace Consulting Inc.</u>, 307 F.3d 197,
206 (3d Cir. 2002).

Federal trademark infringement claims under 15 U.S.C. §
1114(1)(a) and claims of false designation of origin under
15 U.S.C. § 1125(a)(1)(A) are measured by identical
standards pursuant to the Lanham Act.  <u>A & H Sportswear,</u>
<u>Inc. v. Victoria's Secret Stores, Inc.</u>, 237 F.3d 198, 210
(3d Cir. 2000).  Either Lanham Act claim is established if
the plaintiff proves that "(1) the marks are valid and
legally protectable; (2) the marks are owned by the
plaintiff; and (3) the defendants use of the marks to
identify goods or services is likely to create confusion
concerning the origin of the goods or services."  <u>Ford Motor</u>
<u>Co. v. Summit Motor Prods., Inc.</u>, 930 F.2d 277, 291 (3d Cir.
1991) (quoting <u>Opticians Ass'n of America v. Independent</u>
<u>Opticians of America</u>, 920 F.2d 187, 192 (3d Cir. 1990)).
If the mark at issue was federally registered and had
become "incontestable",[2] validity, legal protectability, and

---

[2]  "A trademark becomes incontestable after the owner files
affidavits stating that the mark has been registered, that is has
been in continuous use for five consecutive years, and that there
is no pending proceeding and there has been no adverse decision
concerning the registrant's ownership or right to registration."
<u>Fisons Horticulture, Inc. v. Vigoro Indus., Inc.</u>, 30 F.3d 466,
472 (3d Cir. 1994).

ownership are proven.   Id.

   B.   **Cause of Action and Emcasco Factors**

      Before awarding a default judgment, the Court must
determine whether the moving party's complaint establishes a
legitimate cause of action.   DeCroce, 332 F. Supp. 2d at
717.   In the present matter, Microsoft established that it
had valid and legally protectable trademarks and that it
owned such marks.   In addition, Microsoft has established
that it owns valid copyrights and has not authorized
Gonzales to copy any of such work.   Microsoft alleges that
Gonzales used, offered, advertised, marketed, installed, and
distributed materials that were copyrighted and trademarked
by Microsoft.   Further, Microsoft claims that Gonzales acted
with the purpose of misleading, deceiving or confusing
customers and the public as to the origin and authenticity
of the infringing material and of trading upon Microsoft's
goodwill and business reputation.

      Accepting these allegations as true, the Court finds
that Gonzales infringed Microsoft's registered trademarks in
violation of § 32 of the Lanham Act by intentionally and
unlawfully using such marks in a manner that that was
"likely to cause confusion, or to cause mistake, or to
deceive."   15 U.S.C. § 1114.

.

Prior to entering default judgment, however, the Court must also consider three factors: (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

Although these factors are generally more pertinent where the defendant appears to contest the entry of default, the factors weigh in Microsoft's favor in this instance. Since Gonzales failed to file any responsive pleadings or otherwise show cause why default should not be granted the court is "not in a position to judge whether the Defendant has a meritorious defense or whether any delay was the result of culpable misconduct." Id. Further, Defendant's failure to appear deprived Microsoft of any other means of vindicating its claim and Microsoft will be prejudiced if default is not granted. Accordingly, Microsoft is entitled to default judgment.

**C.   Statutory Damages**

The Court has wide discretion to set an amount of statutory damages. Malletier v. Veit, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002) ("In the absence of clear guidelines for

setting a statutory damage award, courts tend to use their wide discretion to compensate plaintiffs, as well as to deter and punish defendants."). A copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, in a sum of not less than $ 750 or more than $ 30,000. 17 U.S.C. § 504(c)(1). Likewise, a trademark owner may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $ 500.00 nor more than $ 100,000.00 per counterfeit mark per type of goods or services. 15 U.S.C. § 1117(c). In addition, if the Court finds that a plaintiff satisfies the burden of showing that defendant's copyright infringement was willful, the award may be enhanced up to $ 150,000.00. 17 U.S.C. § 504(c)(2). The same willfulness enhancement may raise a trademark infringement damages award to a maximum of $ 1,000,000.00. 15 U.S.C. § 1117(c)(2). Willfulness may be inferred if a defendant continued infringing behavior after receiving notice. <u>Video Views, Inc. v. Studio 21 Ltd.</u>, 925 F.2d 1010, 1021 (7th Cir. 1991) (abrogated on other grounds by <u>Budget Cinema v. Watertower Assocs.</u>, 81 F.3d 729 (7th Cir. 1996).

Statutory damages serve the dual purposes of

compensation and deterrence as "they compensate the plaintiff for the infringement of its copyright; and they deter future infringements by punishing the defendant for its actions." Schiffer Publishing, Ltd. v. Chronicle Books, LLC, No. 03-4962, 2005 WL 67077, at *8 (E.D. Pa. Jan. 11, 2005). When determining the appropriate amount of statutory damages, courts consider: "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental." Broadcast Music, Inc. v. Golden Horse Inn Corp., 709 F. Supp. 580, 581 (E.D. Pa. 1989), Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458, 465 (E.D. Pa. 1987). Because several of the factors are difficult to monetize, the defendant's intent and behavior are the foremost consideration. Id. at 465.

### 1.   Defendant's Willfulness

Microsoft has produced evidence that Gonzales willfully engaged in copyright and trademark infringement. However, Microsoft is not seeking the willfulness damages enhancement under 17 U.S.C. § 504(c)(2) or 15 U.S.C. § 1117(c)(2). Microsoft states that Gonzales had notice to cease and desist their unlawful conduct yet the conduct continued. It

is highly unlikely, if not impossible, that Gonzales sold and distributed copies of Microsoft's products without knowledge that Microsoft's rights were being infringed.  The fact that Gonzales sold copies of goods using marks that were identical to strong and established marks demonstrates their desire and purpose to trade on Microsoft's good will.  See Microsoft Corp. v. CMOS Tech., 872 F. Supp. 1329, 1335 (D.N.J. 1994) ("It would be difficult to imagine a clearer case of consumer confusion than the instant case in which defendants, acting in direct competition with the plaintiff, sold counterfeit products in which the plaintiff's registered marks appear in their entirety.").  Based on Microsoft's evidence, the Court finds that Gonzales willfully engaged in the infringement of Microsoft's registered copyrights and trademarks.  However, as Microsoft does not seek enhanced damages for willful conduct, the Court will no apply the willfulness enhancement in fashioning an award for damages.

        2.   Remaining Factors

    The next two factors to be considered in assessing the proper measure of damages are the expenses saved and profits reaped by Gonzales as well as revenues lost by Plaintiff.  Statutory damages should exceed the unpaid license fees so that defendant will be put on notice that it costs less to

14

obey the copyright laws than to violate them.  <u>Schiffer Publishing, Ltd.</u> 2005 WL 67077, at *8 (quoting <u>A & N Music Corp. v. Venezia</u>, 733 F.Supp. 955, 958 (E.D. Pa 1990)).  In the instant case, Gonzales' failure to respond to Microsoft's Complaint prohibited Microsoft from obtaining documents and other material that could enable Microsoft to calculate actual damages.  Therefore, it is impossible to determine the expenses saved and profits reaped by Gonzales or the revenues lost by Plaintiffs.  This is often the case, as courts have recognized this amount is usually "difficult to monetize," and thus do not ordinarily depend heavily on it in determining statutory damages.  <u>Original Appalachian Artworks</u>, 658 F. Supp. at 465.

     Finally, the Court must consider the strong public interest in ensuring the integrity of the copyright laws.  <u>Broadcast Music, Inc.</u>, 709 F. Supp. at 581.  Statutory damages under the copyright and trademark laws must have a deterrent value as well as a compensatory value if the integrity of the copyright laws is to be preserved.  <u>F.W. Woolworth Co. v. Contemporary Arts Inc.</u>, 344 U.S. 228, 233 (1952); <u>Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.</u>, 807 F.2d 1110, 1117 (2d Cir. 1986).  The Court finds it necessary to impose statutory damages in an amount that ensures Gonzales will not engage in similar infringing

behavior in the future.  See Schiffer Publishing, Ltd., 2005 WL 67077, at *9.

Microsoft seeks the maximum statutory damages of $ 100,000.00, without the willfulness enhancement, for each of its six trademarks at issue and the maximum statutory damages of $ 30,000.00, also without the willfulness enhancement, for the eight copyrights at issue for a total of $ 840,000.00.  The Court finds that this request is reasonable and satisfies the four elements set out in Broadcast Music.  See also Sony Music Entm't v. Cassette Prod., Inc., No. 92-4494, 1996 WL 673158, at *5 (D.N.J. Sept. 30, 1996) (holding that an award of the maximum statutory damages in copyright and trademark infringement case was reasonable because the defendant's default shows particularly egregious and willful nature of conduct).  Accordingly, this Court will award Microsoft $ 840,000.00 in statutory damages for its infringed copyrights and trademarks.

### D.  Attorney's Fees and Costs

Under the Lanham Act, a prevailing plaintiff is entitled to recover reasonable attorney's fees incurred pursuant to 15 U.S.C. § 1117(b).  Attorney's fees must be awarded upon a finding of intent or knowledge.  Fendi S.A.S Di Paola Fendi E Sorelle v. Cosmetic World, Ltd., 642 F.

16

Supp. 1143, (S.D.N.Y. 1986).  Only if the Court finds

extenuating circumstances can the Court limit such recovery.

Louis Vuitton S.A. v. Pun Yan Lee, 875 F.2d 584, 588 (7th

Cir. 1989).  Extenuating circumstances is an affirmative

defense that must be pled.  Id. at 590.

Microsoft submitted that its counsel spent

approximately fifteen hours time in the case.  (Pl.'s Br.

Nelson Decl. ¶ 15.)  Microsoft's counsel charged $ 233.00

and $ 277.00 per hour for their services, totaling $

4,093.35,  In addition, the costs for filing fees and

service of process total $ 649.50.  These figures are

reasonable and fair.  Further, as alleged by Microsoft and

admitted by Gonzales' default, Gonzales knowingly infringed

Microsoft's trademarks and copyrights.  Microsoft is

therefore entitled to recover attorney's fees pursuant to 15

U.S.C. § 1117(b) and costs under 15 U.S.C. § 1117(a) for

prosecuting this action.  This Court therefore awards

Microsoft $ 4,093.35 in attorney's fees and $ 649.50 in

costs.

**E.   Injunctive Relief**

The Court has the authority to grant injunctive and

other equitable relief to prevent further violations of a

plaintiff's trademark rights.  15 U.S.C. § 1116.

Furthermore, the Court may grant "final injunctions on such

17

terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a). Generally, to obtain a permanent injunction, a plaintiff must show that (1) the Court's exercise of equity jurisdiction is proper, (2) the Plaintiff succeeded on the merits, and (3) the balance of equities tips in favor of injunctive relief.  TKR Cable Co. v. Cable City Corp., No. 96-CV-2877, 1998 WL 34028782, at *5 (D.N.J. Jan. 27, 1998) (citing Roe v. Operation Rescue, 919 F.2d 857, 868 n.8 (3d Cir. 1990)).  The first factor contains three subparts, which require the plaintiff to show (1) plaintiff has no adequate legal remedy; (2) the threatened injury is real, not imagined; and (3) no equitable defenses exist. TKR Cable Co., 1998 WL 34028782 at *5.

Where Congress provided for injunctive relief in a statute such as 15 U.S.C. § 1116, however, courts often forego weighing the traditional equitable considerations. See Burlington N.R.R. Co. v. Dep't of Revenue, 934 F.2d 1064, 1074-75 (9th Cir. 1991); TKR Cable Co. v. Cable City Corp., 1996 U.S. Dist. LEXIS 11941, 1996 WL 465508, at *10 (D.N.J. Jul. 29, 1996) (vacated in part on other grounds, 267 F.3d 196 (3d Cir. 2001); Time Warner Cable v. Freedom Elecs., 897 F. Supp. 1454, 1460 (S.D. Fla. 1995); Securities Industry Ass'n. v. Bd. of Governors of Fed. Reserve Sys.,

18

628 F. Supp. 1438 (D.D.C. 1986).

Nonetheless, consideration of the equitable principles in this instance weighs in the favor of granting Microsoft injunctive relief.  The potential future violations suggest that an injunction is necessary to ensure an effective remedy in this case.  Moreover, the threatened injury is established and legitimate, since Gonzales' infringement of Microsoft's trademarks and copyrights has already damaged Microsoft by trading on Microsoft's goodwill without its authorization.  Because Gonzales failed to appear in this matter, Gonzales raised no equitable defenses and there is no indication that any such defenses exist.  Accordingly, this Court's exercise of equity jurisdiction is proper and the first factor weighs in favor of granting the final injunction.

Second, as noted above, the unchallenged facts of this case demonstrate that Gonzales violated federal trademark and copyright law by copying, marketing, offering, and distributing infringing material with Microsoft's trademarks and copyrights.  Microsoft established a valid cause of action against Gonzales sufficient to warrant entry of a default judgment.  Therefore, Microsoft succeeded on the merits.

19

Finally, the balance of equities weighs in favor of granting injunctive relief.  Defendant's alleged misconduct violates federal copyright law and the Lanham Act.  It seems the only purpose behind Gonzales' activities was to profit from the copyrighted products and trademarks of Microsoft without paying for appropriate licensing.  Therefore, because Gonzales' illegal conduct does not serve a legitimate purpose and harms both Microsoft and the public interest, the balance of equities weighs strongly in favor of granting injunctive relief.

Because 15 U.S.C. § 1116, 17 U.S.C. § 502, and equitable considerations authorize injunctive relief under these circumstances, the Court will grant Microsoft's request to enjoin Gonzales from imitating, copying, or making any other infringing use or infringing distribution of software programs, components, end user license agreements, certificates of authenticity, or items protected by Microsoft's registered trademarks and service mark.

## IV.  Conclusion

Based on the foregoing reasoning, the Court will grant Microsoft's motion and enter default judgment against Gonzales.  The Court will award Microsoft $ 840,000.00 in statutory damages, attorney's fees in the amount of $ 4,093.35, and costs in the amount of $ 649.50 against

20

Gonzales.  The Court will also enjoin Gonzales from imitating, copying, or making any other infringing use or infringing distribution of software programs, components, end user license agreements, certificates of authenticity, or items protected by Microsoft's registered trademarks and service mark.  The accompanying Order shall issue today.


Dated: <u>July 13, 2007</u>          <u>s/ Robert B. Kugler</u>
                                      ROBERT B. KUGLER
                                      United States District Judge

21